UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HOPKINS, | No.  2:25-cv-00089 SCR P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ET AL., | |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding with a civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  ECF No. 2.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

////

---

[1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## FACTUAL ALLEGATIONS OF THE COMPLAINT

The events underlying plaintiff's complaint occurred at Mule Creek State Prison. ECF No. 1 at 1. Plaintiff names four defendants: (1) California Department of Corrections and Rehabilitation ("CDCR") Health Care Services, (2) "John Doe," Director of Mule Creek State Prison Healthcare Services ("Defendant Director Doe"), (3) Dr. Surenini, a doctor at Mule Creek, and (4) Dr. Rudas, a doctor at Mule Creek. Id. at 2.

Plaintiff alleges that around March 2023, defendant Dr. Surenini prescribed application of lidocaine patches and capsaicin cream for his left knee swelling and pain. Id. at 3. Defendant Dr. Surenini also scheduled an MRI and an aspiration. Id. at 4. About a month later, defendant Dr.

2

Rudas performed the aspiration, draining 43 ccs of fluid from plaintiff's knee, which had an abnormal color and emitted a foul odor. Id.

About two weeks later, defendant Dr. Surenini re-examined plaintiff's knee. Id. He noted it was still swollen but stated he could not understand why because plaintiff's culture came back negative for infection. Id. Following the examination, Dr. Surenini scheduled another aspiration. Id. About six weeks later, plaintiff received a medical ducat for his aspiration, but he did not receive the procedure for about another month due to rescheduling. Id. Defendant Dr. Rudas performed the second aspiration, draining 55 ccs of fluid from plaintiff's knee, which was "coffee-colored" and "smelled rotten." Id. Defendant Dr. Rudas noted that there was a possible infection in plaintiff's knee and referred plaintiff back to Dr. Surenini, his primary care physician. Id.

Around February 16, 2024, plaintiff was seen by a San Joaquin Hospital orthopedic surgeon, who concluded that plaintiff most likely developed an infection due to the loosening of the rods in his knee from a prior knee replacement. Id. at 5. Plaintiff alleges he is unable to walk, stand, sit, or sleep without severe pain. Id. at 18. Plaintiff suffers from hip pain because he must adjust his posture and walking style to accommodate the pain in his knee. Id. Plaintiff has also developed severe headache and backache. Id. Plaintiff cannot concentrate well due to the intense pain. Id.

Plaintiff alleges that these actions violated the Eighth Amendment and Fourteenth Amendment. Plaintiff requests monetary damages in the amount of $975,000 for his mental and physical injuries. Id. at 9.

## LEGAL STANDARDS

### I.      42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v.

County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

**II.      Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).  In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III.     Eighth Amendment Deliberate Indifference to Serious Medical Needs**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. (citing Estelle, 429 U.S. at 104).  "Examples of serious medical needs include '[t]he

4

existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-32 (citing McGuckin, 974 F.2d at 1059-60).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." (Id. at 839.) A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106).

"[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, as for any § 1983 claim, there must be a causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell, 436 U.S. at 691–92; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

### IV.    Fourteenth Amendment Equal Protection Clause Violation

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."

Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation and internal quotation marks omitted).

**DISCUSSION**

**I.      Plaintiff Fails to State an Eighth Amendment Medical Indifference Claim**

The undersigned construes plaintiff's complaint as raising an Eighth Amendment deliberate indifference to a serious medical need claim against all four defendants.  Plaintiff's alleged knee condition and resulting physical and mental ailments are sufficiently serious to satisfy the first prong of the Eighth Amendment medical indifference test.  See Jett, 439 F.3d at 1096.  However, for various reasons, plaintiff has not stated an Eighth Amendment claim against any of the four defendants.  The undersigned will address each defendant in turn.

**A.  Defendant CDCR**

Defendant CDCR Health Care Services is not a proper defendant in a § 1983 action.  The Eleventh Amendment bars § 1983 suits against the State of California and its state agencies, including CDCR.  See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); see also Diaz v. CDCR, No. 2:17-cv-0235 KJN P, 2017 WL 1079947, at *2 (E.D. Cal. Mar. 21, 2017) (§ 1983 claims against CDCR barred by the Eleventh Amendment).  Moreover, CDCR is not a "person" for purposes of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).  Accordingly, plaintiff has not stated a § 1983 claim against defendant CDCR and will not be given leave to amend this claim.

**B.  Defendant Doe Director**

The complaint does not specify whether defendant Doe Director is sued in his official or individual capacity.  For the reasons explained below, the complaint fails to state a claim against this defendant in either capacity.

First, defendant Doe Director in his official capacity is not a proper defendant in a § 1983 action for damages.  "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983."  Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997).  Moreover, because an official capacity lawsuit is in reality a lawsuit against the official's agency, state prison officials like defendant Doe Director are not "persons" for

purposes of § 1983 when acting in their official capacities.  Kennedy v. Hayes, No. 1:09-cv-1946 JLT (PC), 2010 WL 5440805, at *11 (E.D. Cal Dec. 28, 2010) (citing Will, 491 U.S. at 71).

Nor does the complaint state a claim against defendant Doe Director in his individual capacity.  The supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not liable for the constitutional violation simply by virtue of his role as a supervisor.  Monell, 436 U.S. at 690.  A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in, directed, or failed to prevent the violation from occurring.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege that defendant Doe Director directly participated in causing his injury in any way.  Accordingly, plaintiff has not stated a § 1983 claim against defendant Doe Director and will not be given leave to amend this claim.

### C.  Defendant Dr. Surenini

First, while defendant Dr. Surenini appears to be a state actor subject to § 1983, plaintiff has not plead sufficient facts identifying which of defendant Dr. Surenini's actions caused him harm.  The complaint states that defendant Dr. Surenini scheduled two aspirations for plaintiff's knee swelling and pain. ECF No. 1 at 3, 4.  The complaint further states that the second aspiration was not performed until approximately ten weeks after it was scheduled.  Id. at 4. Assuming the delay in treatment is the alleged constitutionally inadequate medical care, plaintiff does not explain the reason for the delay, nor does he allege that defendant Dr. Surenini is in any way responsible for the delay.  Plaintiff also fails to provide any facts showing that the delay in procedure contributed to the worsening of his knee condition at all.  See McGuckin, 974 F.2d at 1059-61 ("[When] a claim alleges 'mere delay of surgery,' a prisoner can make 'no claim for deliberate medical indifference unless the denial was harmful.'").

The complaint also states that only defendant Dr. Rudas and the San Joaquin Hospital orthopedic surgeon diagnosed plaintiff with a knee infection.  Id. at 4-5.  Assuming defendant Dr. Surenini's failure to diagnose plaintiff's infection is the alleged constitutionally inadequate medical care, plaintiff does not allege any facts showing that an earlier diagnosis would have prevented injury, especially considering the intervening delay in the second aspiration procedure, where Dr. Rudas first diagnoses plaintiff's potential infection.

Second, plaintiff fails the second prong of the Eighth Amendment medical indifference test because he has not alleged sufficient facts to show that defendant Dr. Surenini's response to his need for medical care was deliberately indifferent.  The complaint states that defendant Dr. Surenini examined plaintiff's knee, prescribed topical treatment for pain and swelling, and scheduled two aspirations.  Id. at 3-4.  The complaint further states that due to plaintiff's culture coming back negative for infection, defendant Dr. Surenini could not explain the persistent swelling in plaintiff's knee and scheduled another aspiration.  Id. at 4.  The undersigned does not reasonably infer deliberate indifference from these facts.

Further, although one can argue that defendant Dr. Surenini should have suspected an infection based on plaintiff's symptoms (i.e., color of drained fluid, foul odor, persistent swelling and pain), plaintiff does not allege any facts from which to infer that Dr. Surenini did in fact draw that inference and ignore its seriousness.  Id. ("Dr. Surenini thoroughly examined my left knee and stated that 'she doesn't understand.'").  Even assuming defendant Dr. Surenini failed to correctly diagnose plaintiff's symptoms as an infection, "misdiagnosis alone is not a basis for claim of deliberate medical indifference."  Palsey v. Horn, No. 1:25-cv-0682 HBK (PC), 2025 WL 2878176, at *4 (E.D. Cal. Oct. 9, 2025) (quoting Wilhem v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012)), report and recommendation adopted, No. 1:25-cv-0682 JLT HBK (PC), 2025 WL 3269274 (E.D. Cal. Nov. 24, 2025).  "It is only when an official both recognizes and disregards a risk of substantial harm that a claim for deliberate indifference exists."  Id. (quoting Peralta v. Dillard, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc)).  Plaintiff will be given leave to amend this claim and allege, if he can, facts demonstrating that defendant Surenini responded "in conscious disregard of an excessive risk to plaintiff's health."  Hamby, 821 F.3d at 1092.

**D.  Defendant Dr. Rudas**

Defendant Dr. Rudas also appears to be a state actor subject to § 1983. However, plaintiff has not pled any facts identifying which of defendant Dr. Surenini's actions caused him harm. The complaint states that defendant Dr. Rudas performed two aspirations on plaintiff's knee. ECF No. 1 at 4.  The complaint further states that defendant Dr. Rudas noted a potential infection and sent plaintiff back to defendant Dr. Surenini.  Id.  Plaintiff does not explain if or how the

performed aspirations contributed to the worsening of his knee condition.  Plaintiff also does not explain if or how defendant Dr. Rudas' diagnosis contributed to his injury.  Plaintiff will be given leave to amend this claim and allege, if he can, facts linking defendant Dr. Rudas to the alleged deliberate indifference to his serious medical need.

Second, plaintiff fails the second prong of the Eighth Amendment medical indifference test because he has not alleged sufficient facts to show that defendant Dr. Rudas' response to his need for medical care was deliberately indifferent.  The complaint states that Dr. Rudas performed the two scheduled aspirations on plaintiff's knee, noted the presence of a possible infection based on the color and smell of the extracted fluid, then sent plaintiff back to his primary care physician, Dr. Surenini.  Id.  Taking these facts as true, it appears that Dr. Rudas recognized the risk of infection in plaintiff's knee and acted to ensure plaintiff received treatment for the infection by referring him back to Dr. Surenini.  The undersigned does not construe these facts as deliberate indifference.  It is not evident, and plaintiff does not provide facts to show, how defendant Dr. Rudas ignored the risk of plaintiff's knee infection or what more defendant Dr. Rudas could have done for plaintiff on top of the procedures, diagnosis, and referral back to Dr. Surenini.  Plaintiff will be given leave to amend this claim and allege, if he can, facts demonstrating that defendant Dr. Surenini's responded "in conscious disregard of an excessive risk to plaintiff's health."  Hamby, 821 F.3d at 1092.

**II.     Plaintiff Fails to State a Fourteenth Amendment Equal Protection Clause Claim**

Plaintiff's Fourteenth Amendment equal protection claim alleges defendant Surenini "failed to provide proper medical treatment" and largely repeats, in a conclusory fashion, the same factual allegations as his Eighth Amendment medical indifference claim.  See ECF No. 1 at 7.  The complaint does not identify plaintiff's membership in any protected class, and plaintiff has not pled any facts to support a plausible showing of intentional or purposeful discrimination against him by defendant Dr. Surenini.  Accordingly, plaintiff's complaint does not state a Fourteenth Amendment equal protection claim against defendant Dr. Surenini.  Plaintiff will be given leave to amend this claim and allege, if he can, facts demonstrating that Surenini had the intent or the purpose of discriminating against him based on a protected characteristic.

9

**III.    Leave to Amend**

Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds that the complaint does not state a valid claim for relief pursuant to the Eighth Amendment against defendants for medical indifference.  Nor does the complaint state a valid claim for relief pursuant to the Fourteenth Amendment against defendant Dr. Surenini for violation of the Equal Protection Clause.  Because of these defects, the undersigned will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint.  If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer**

Your complaint will not be served because the facts alleged are not enough to state a claim.  You are being given a chance to fix these problems by filing an amended complaint.  If you file an amended complaint, pay particular attention to the legal standards provided above.  Be sure to provide facts that show exactly what each defendant did to violate your rights.  **Any**

10

**claims and information not in the amended complaint will not be considered.**

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case, **2:25-cv-00089-SCR** and must be labeled **"First Amended Complaint."**

5.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: February 9, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11